FILED
9/9/19 12:29 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Case No. 17-24454-GLT |
|  | : | Chapter 11 |
| APPALACHIAN LIGHTING | : |  |
| SYSTEMS, INC., | : |  |
|  | : |  |
| Debtor. | : | Related to Dkt. No. 302 and 307 |
|  | : |  |

## ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SETTING DEADLINES; AND (III) SCHEDULING HEARING ON PLAN CONFIRMATION

**AND NOW**, upon consideration of the Disclosure Statement to Accompany Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019 [Dkt. No. 302] (the "Disclosure Statement") relating to Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019 [Dkt. No. 301] (the "Plan"); and any objections to the disclosure statement having been resolved; and it appearing that the Court has jurisdiction over this matter; and due notice of the filing of the *Disclosure Statement*, the objection deadline, and the hearing thereon having been given; and just cause existing for the relief granted herein;

**THE COURT HEREBY FINDS:**

A.     In accordance with section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Bankruptcy Rule 3017(b), the *Disclosure Statement* is deemed to contain adequate information for all creditors and interest holders.

**NOW THEREFORE**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.     The *Disclosure Statement* is **APPROVED** for solicitation by the Debtor as provided herein.

11218228.2

2.      A hearing to consider confirmation of the *Plan* and any objections thereto shall be held on **October 24, 2019** at **1:30 p.m.** in Courtroom A, United States Bankruptcy Court for the Western District of Pennsylvania, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219.

3.      Objections to confirmation of the *Plan*, if any, must be in writing, must state the name of the objecting party, its interest in the chapter 11 case, the nature of the objection, and the basis for the objection, and must be filed with the Court and served in a manner so as to be received by the Debtor, counsel to the Debtor, and the United States Trustee by no later than **October 17, 2019** at the following addresses:

| DEBTOR | DEBTOR'S COUNSEL | US TRUSTEE |
|---|---|---|
| Appalachian Lighting Systems, Inc. 101 Randolph St. Ellwood City, PA 16117 *Debtor* | Daniel A. DeMarco (Ohio Bar No. 0038920) *Admitted Pro Hac Vice* Christopher B. Wick (Ohio Bar No. 0073126) *Admitted Pro Hac Vice* HAHN LOESER & PARKS LLP 200 Public Square, Suite 2800 Cleveland, Ohio 44114 Telephone:   (216) 621-0150 Facsimile:   (216) 241-2824 E-Mail: dademarco@hahnlaw.com cwick@hahnlaw.com  and  Kirk B. Burkley (PA ID No. 89511) BERNSTEIN BURKLEY, P.C. 707 Grant Street, Suite 2200\ Gulf Tower Pittsburgh, PA 15219-1900 Telephone: (412) 456-8108 Facsimile: (412) 456-8135 | ANDREW VARA, Acting US Trustee for Region 3 Office of the U.S. Trustee Liberty Center, Suite 970 1001 Liberty Avenue Pittsburgh, PA  15222  *United States Trustee* |

| | Email: kburkley@bernsteinlaw.com *Co-counsel for Debtor* | |
|---|---|---|

4.       The balloting deadline for voting on the *Plan* is **October 17, 2019**.   All parties who are entitled to vote on the *Plan* must submit written ballots (either accepting or rejecting the *Plan*) to Debtor's counsel at the address listed in paragraph 3 of this *Order* so that the ballot is received no later than **October 17, 2019**.

5.       The Debtor shall file a *Ballot Summary* no later than **October 21, 2019**.

6.       On or before **September 12, 2019**, the Debtor shall send a *Solicitation Package* (defined herein) upon each creditor or party-in-interest who is entitled to vote on the Plan.   The *Solicitation Package* shall include:   (i) a copy of this *Order*; (ii) the amended *Disclosure Statement*; (iii) the *Plan Summary*; (iv) the *Plan*; and (v) a ballot conforming with Official Form 14.   The *Solicitation Package* shall also be served upon the United States Trustee (without a ballot).   A certificate of service indicating compliance with this paragraph shall be filed with the Court within three business days of service.

7.       On or before **September 12, 2019,** the Debtor(s) shall send a *Confirmation Hearing Package* (defined herein) upon all creditors and parties-in-interest pursuant to Federal Bankruptcy Rule 2002 ***to the extent such parties are not recipients of the Solicitation Package***.

Recipients of the *Confirmation Hearing Package* shall include each of the following:   (i) each person or entity that filed a proof of claim; (ii) each person or entity listed on the schedules (including any party to an executory contract); (iii) any party that filed a request for notice under

11218228.2

Federal Bankruptcy Rule 2002; (iv) any known holders of claims or equity interests in the Debtor(s); and (v) any other party contained on the creditors' matrix maintained by the Court. The *Confirmation Hearing Package* shall include:  (i) this *Order*; (ii) the *Plan Summary*; and (iii) a notice containing:  (a) a statement that the person or entity is not eligible to cast a vote on the *Plan*; and (b) instructions for requesting a copy of the *Plan* at no cost to the requesting party. A certificate of service indicating compliance with this paragraph shall be filed with the Court within three business days.

8.    Pursuant to W.PA.LBR 3018-1(f), each ballot shall include a separate section for creditors to accept or reject any third-party release contained in the plan and shall be substantially in the form attached to this Order as Exhibit A.

9.    For purposes of voting on the Plan, only Holders of record, as of August 20, 2019, of Allowed Claims otherwise entitled to vote to accept or reject the Plan will receive a Ballot and be entitled to vote on the Plan.

Dated: 9/9/19

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to Serve:
Debtor
Daniel DeMarco, Esq.
Office of the U.S. Trustee

4

11218228.2

**<u>EXHIBIT A</u>**

11218228.2

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                          Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,          Case No. 17-24454-GLT

        Debtor.

_____/

## [PROPOSED] CLASS [ ] BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case. The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot"). If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [ ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, on or before _____, 2019 by 5:00 p.m. E.T., unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class [ ] claim against the Debtor in the unpaid amount of _____ Dollars ($_____),

[___] ACCEPTS THE PLAN                    [___] REJECTS THE PLAN

### THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

**AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further*, *however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY**

11221771.1

**PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.**

## <u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[____] Opt Out of the Third Party Release.

Dated:_____

_____
Print or type name of Creditor

_____
Signature

_____
Title (if corporation or partnership)

_____
Address

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.