UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                    Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,          Case No. 17-24454-GLT

        Debtor.

_____/

## CLASS 1 BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case. The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot"). If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class *1* under the Plan. If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *1* claim against the Debtor in the unpaid amount of
One Million Six Hundred Sixty Thousand Six Hundred Ninety      Dollars ($ 1,660,690.33      ),
                             & 33/100

[ X ] ACCEPTS THE PLAN          [__] REJECTS THE PLAN

### THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further*, *however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[ X ] Opt Out of the Third Party Release.

Dated:   October 8, 2019

Synapse Wireless, Inc.
Print or type name of Creditor

By:
Signature   Jason Reinhardt
Its: CFO

Title (if corporation or partnership)
6723 Odyssey Drive, 3rd Floor

Address
Huntsville, AL 35806

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                               Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,                  Case No. 17-24454-GLT

Debtor.

_____/

### CLASS 2  BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *2* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *2* claim against the Debtor in the unpaid amount of _____ Dollars ($ 153,065.00), as of 1/23/19

[X] ACCEPTS THE PLAN                    [__] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[____]   Opt Out of the Third Party Release.

Dated: _September 23, 2019_____          _J. Michael McCague, Esquire_____
                                            Print or type name of Creditor

                                            _____
                                            Signature

                                            _____
                                            Title (if corporation or partnership)
                                            408 Cedar Avenue
                                            Address
                                            Pittsburgh, PA 15212

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                          Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,          Case No. 17-24454-GLT

Debtor.

_____/

## CLASS 3  BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 3 under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 3 claim against the Debtor in the unpaid amount of ~~Four Hundred Forty One Thousand Seven Hundred Thirty Nine~~ Dollars ($ 441,739.00),

[ X ] ACCEPTS THE PLAN                    [   ] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however,* THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however,* THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

**PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.**

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[ X ] Opt Out of the Third Party Release.

Dated: 10/21/2019

_Innovation Works, Inc._
Print or type name of Creditor

_Jim C G_
Signature
_VP : Chief Operating Officer_
Title (if corporation or partnership)
_Two Allegheny Center, Suite 100_
Address
_Pittsburgh, PA 15212_

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,      Case No. 17-24454-GLT

            Debtor.

_____/

### CLASS 2  BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *2* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *2* claim against the Debtor in the unpaid amount of ~~Four Hundred Forty One Thousand Four Hundred Ten~~ Dollars ($ 441,410.00),

[ X ] ACCEPTS THE PLAN          [___] REJECTS THE PLAN

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[X] Opt Out of the Third Party Release.

Dated: _Oct. 15, 2019_

_Innovation Works, Inc._
Print or type name of Creditor

_Gary A. Glausser_
Signature

_VP / Chief Investment Officer_
Title (if corporation or partnership)

_Two Allegheny Center, Suite 100_
Address

_Pittsburgh, PA 15212_

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                     Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,         Case No. 17-24454-GLT

        Debtor.

_____/

## CLASS 5  BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 5 under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 5 claim against the Debtor in the unpaid amount of _Five Hundred Thirty Six & 29/0~_ Dollars ($ _536.29_ ),

[ ✗ ] ACCEPTS THE PLAN          [ __ ] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further*, *however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[___] Opt Out of the Third Party Release.

Dated: _10 · 3 · 19_____

_R.L. SWEARER COMPANY_
Print or type name of Creditor

_Angela Walker_
Signature

_Accounting Manager_
Title (if corporation or partnership)

_P.O. BOX 471_
Address

_SEWICKLEY Pa 15143_

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

11227499.1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                    Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,        Case No. 17-24454-GLT

　　　　　Debtor.

_____/

## CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF
## DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
## DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *6* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of
_____Four thousand_____ Dollars ($ 4,000 ),

[X] ACCEPTS THE PLAN            [__] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however,* THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however,* THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

11227502.1

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[X] Opt Out of the Third Party Release.

Dated: October, 15 2019

Alexander Bishop
Print or type name of Creditor

_Alexander Bishop_
Signature

Title (if corporation or partnership)
905 Pleasant Hill LN
Address
Bowie MD 20716

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                    Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,          Case No. 17-24454-GLT

        Debtor.

_____/

## CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF
## DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
## DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *6* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of
_____ Dollars ($_____),

[X] ACCEPTS THE PLAN            [___] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

11227502.1

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[___] Opt Out of the Third Party Release.

Dated: Oct 3, 2019

Print or type name of Creditor: American Alternative Insurance Corp.

Signature: Samantha Meix

Title (if corporation or partnership): V. P. Surety Claims

Address: 1775 E Woodfield Rd #500 Schaumburg, IL 60173

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,    Case No. 17-24454-GLT

       Debtor.

_____/

### CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 6 under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of
_____ Dollars ($_____ ),

[**X**] ACCEPTS THE PLAN          [___] REJECTS THE PLAN

11227502.1

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); **and** *provided further*, *however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[ ___ ] Opt Out of the Third Party Release.

Dated: _10/3/19_

James J Wasrc
Print or type name of Creditor

Signature

Title (if corporation or partnership)
_1595 N. Tower Rd_
Address
_Fombell PA 16123_

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                              Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,      Case No. 17-24454-GLT

      Debtor.

_____/

## CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF
## DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
## DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *6* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of

_____ Dollars ($_____),

[ ✓ ] ACCEPTS THE PLAN            [___] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

11227502.1

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[___] Opt Out of the Third Party Release.

Dated: October 10, 2019

Kate Wassel
Print or type name of Creditor

Kate Wassel
Signature

Title (if corporation or partnership)

1595 N. Tower Road
Address
Fombell, PA 16123

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.**  DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                               Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,       Case No. 17-24454-GLT

                    Debtor.

Keystone Compliance, LLC                        /

### CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF
### DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
### DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *6* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of
Seven hundred sixty-nine dollars and fifty cents Dollars ($ 769.50 ),

[ X ] ACCEPTS THE PLAN                    [ __ ] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

11227502.1

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE
RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I
SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY
THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY
OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN
BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH
RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD
PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO
WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE
TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT
CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD
PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL
TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY
RELEASE.

The Holder of the claim described above elects to:

[＿＿] Opt Out of the Third Party Release.

Dated: _9/19/19_____

_Keystone Compliance, LLC_
Print or type name of Creditor

_Dan Westar_
Signature
_General Manager_
Title (if corporation or partnership)
_131 N Columbus Innerbelt_
Address
_New Castle, PA 16101_

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800,
Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL
YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE
BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                              Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,      Case No. 17-24454-GLT

                    Debtor.

_____/

### CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF
### DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
### DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class *6* under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of ~~THIRTY TWO THOUSAND EIGHT HUNDRED THIRTY ONE 70/100~~ Dollars ($ 32,831.70),

[ X ] ACCEPTS THE PLAN                    [ ] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further*, *however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

11227502.1

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[ ✓ ] Opt Out of the Third Party Release.

Dated: 9/30/19

MAYER UNKOVIC + Scott LLP
Print or type name of Creditor

_Signature_

PARTNER
Title (if corporation or partnership)

535 Smithfield ST Suite 1300
Address

Pittsburgh, PA 15222

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.** DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

11227502.1

Alphonse L. Iagnemma, Jr.

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,      Case No. 17-24454-GLT

Debtor.

_____/

## CLASS 7 BALLOT FOR ACCEPTANCE OR REJECTION OF
## DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
## DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case. The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot"). If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470). Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 7 under the Plan. If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 7 claim against the Debtor in the unpaid amount of
One hundred Seventy five Thousand, Five hundred Fifty-Nine Dollars ($ 175,559.87 ),

[ X ] ACCEPTS THE PLAN          [ _ ] REJECTS THE PLAN

11227509.1

Alphonse L. Iagnemma, Jr.

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further, however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-1 PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

Alphonse L. Iagnemma, Jr.

**PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.**

### IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[___] Opt Out of the Third Party Release.

Dated: _10/16/2019_____

_Alphonse L. Iagnemma, Jr._
Print or type name of Creditor

_[signature]_
Signature
_John M. Steiner, Counsel for Alphonse L. Iagnemma, Jr._
Title (if corporation or partnership)
_525 William Penn Place, 28th Floor_
Address
_Pittsburgh, PA 15019_

**RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor.  DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          Chapter 11

APPALACHIAN LIGHTING SYSTEMS, INC.,    Case No. 17-24454-GLT

    Debtor.

_____/

### CLASS 6  BALLOT FOR ACCEPTANCE OR REJECTION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

Appalachian Lighting Systems, Inc. (the "Debtor"), filed the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Plan") in this case.  The Court has approved the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (the "Disclosure Statement") with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan using this ballot (the "Ballot").  If you do not have a Plan or Disclosure Statement, you may obtain a copy from Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel (Phone: (216) 274-2470).  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 6 under the Plan.  If you hold claims or equity interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M.  Beitel, on or before October 17, 2019, unless such deadline is otherwise extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class *6* claim against the Debtor in the unpaid amount of _____ Dollars ($_____),

    [___] ACCEPTS THE PLAN          [___] REJECTS THE PLAN

## THIRD PARTY RELEASE

Section 7.5 of the Plan provides for the following release and waiver of claims:

AS OF THE CONFIRMATION DATE, BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, NONE OF DEBTOR, REORGANIZED DEBTOR AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, THEIR RESPECTIVE PRESENT OR FORMER DIRECTORS, OFFICERS, EMPLOYEES, PREDECESSORS, SUCCESSORS, MEMBERS, AGENTS, REPRESENTATIVES, ATTORNEYS, ADVISORS, FINANCIAL ADVISORS, ACCOUNTANTS, AND INVESTMENT BANKERS, (IN EACH INSTANCE ACTING IN SUCH CAPACITY) (COLLECTIVELY THE "RELEASED PERSONS") AND ANY PERSON CLAIMED TO BE LIABLE DERIVATIVELY THROUGH ANY RELEASED PERSON, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION OR LIABILITY (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING OUT OF ANY ALLEGED FIDUCIARY OR OTHER DUTY AND THE AVOIDANCE OF PREFERENCES OR FRAUDULENT CONVEYANCES OR ANY DERIVATIVE CLAIMS) WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART, ON ANY ACT OR OMISSION, TRANSACTION OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO DEBTOR, THE CHAPTER 11 CASE, OR THE PLAN; AND ALL CLAIMS BASED UPON OR ARISING OUT OF SUCH ACTIONS OR OMISSIONS SHALL BE FOREVER WAIVED AND RELEASED (OTHER THAN THE RIGHT TO ENFORCE DEBTOR'S OR REORGANIZED DEBTOR'S OBLIGATIONS UNDER THE PLAN, AND THE CONTRACTS, INSTRUMENTS, NOTES, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER ANY SUCH PLAN); *provided, however*, THAT NO RELEASE PROVIDED UNDER THE PLAN SHALL AFFECT THE LIABILITY OF ANY PERSON: (a) THAT OTHERWISE WOULD RESULT FROM ANY ACTION OR OMISSION TO THE EXTENT THAT SUCH ACTION OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT; and (b) TO THE EXTENT OF ANY RECOVERIES FOR A PREPETITION CLAIM AGAINST A RELEASED PARTY THAT MAY BE OBTAINED AGAINST A THIRD-PARTY INSURER (BUT, FOR THE AVOIDANCE OF DOUBT, ANY CLAIM TO WHICH AN INSURER MAY BE SUBROGATED SHALL REMAIN SUBJECT TO THIS RELEASE); and *provided further*, *however*, THAT NOTWITHSTANDING THE RELEASES PROVIDED UNDER THE PLAN, ANY CLAIM ASSERTED AGAINST REORGANIZED DEBTOR PURSUANT TO SECTION 7.3 OF THIS PLAN SHALL REMAIN SUBJECT TO ANY RIGHT OF SET-OFF THAT OTHERWISE WOULD BE AVAILABLE TO DEBTOR OR REORGANIZED DEBTOR IN THE ABSENCE OF ANY SUCH RELEASE. NOTWITHSTANDING ANYTHING IN THIS PARAGRAPH 7.5 TO THE CONTRARY, NOTHING IN THIS PARAGRAPH 7.5 SHALL RELEASE OR WAIVE THE CLAIMS AND/OR CAUSES OF ACTION OF THE K-I PARTIES AGAINST JAMES WASSEL THAT ARE AND COULD BE MADE THE SUBJECT OF THE ADVERSARY

PROCEEDING (AS DEFINED IN THE K-I SETTLEMENT AGREEMENT), THE RELEASE AND WAIVER OF WHICH ARE CONTROLLED BY THE K-I SETTLEMENT AGREEMENT IF, AS, WHEN AND TO THE EXTENT APPROVED BY THE BANKRUPTCY COURT.

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OPT OUT OF THE THIRD PARTY RELEASE PROVIDED IN ARTICLE VIII OF THE PLAN BY CHECKING THE BOX BELOW AND YOU WILL NOT BE BOUND BY SUCH RELEASE. CHECK THE BOX BELOW IF YOU ELECT NOT TO GRANT THE THIRD PARTY RELEASE CONTAINED IN SECTION 7.5 OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 7.5 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

The Holder of the claim described above elects to:

[✓] Opt Out of the Third Party Release.

Dated: _9-17-19_

Print or type name of Creditor: _Norb Beisterling_

Signature: _Norb Beistel___

Title (if corporation or partnership): _President_

Address: _4982 US 422_
_Portersville, PA 16051_

RETURN THIS COMPLETED BALLOT TO: Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Colleen M. Beitel, using the envelope provided by the Debtor. DO NOT MAIL YOUR BALLOT TO THE BANKRUPTCY COURT OR FILE YOUR BALLOT WITH THE BANKRUPTCY COURT.

11227502.1