FILED
10/24/19 4:17 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| APPALACHIAN LIGHTING SYSTEMS, INC., | Case No. 17-24454-GLT |
| Debtor. | Related to Document No. 301 and 347 |

_____/

## NOTICE OF FILING PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MODIFIED ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019

The undersigned hereby gives notice of the filing of a proposed *Findings of Fact, Conclusions of Law, and Order Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019*, a copy which is attached hereto as Exhibit A.

Executed on:
October 23, 2019

Respectfully submitted

*/s/ Daniel A. DeMarco*
Daniel A. DeMarco (Ohio Bar No. 0038920)
*Admitted Pro Hac Vice*
Christopher B. Wick (Ohio Bar No. 0073126)
*Admitted Pro Hac Vice*
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:  (216) 621-0150
Facsimile:  (216) 241-2824
E-Mail:     dademarco@hahnlaw.com
            cwick@hahnlaw.com

*and*

Kirk B. Burkley (PA ID No. 89511)
707 Grant Street, Suite 2200 Gulf Tower
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
Email: kburkley@bernsteinlaw.com

*Co-counsel for Debtor*

11328128.1

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| APPALACHIAN LIGHTING SYSTEMS, INC., | Case No. 17-24454-GLT |
| Debtor. | |
| | Hearing Date:<br>October 24, 2019 at 1:30 p.m. |
| | Response Deadline:<br>October 17, 2019 |

_____/

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF
REORGANIZATION DATED SEPTEMBER 5, 2019**

The above-captioned debtor (the "Debtor"), having:

a.      commenced the above-captioned chapter 11 case (the "Chapter 11 Case")[1] by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 3, 2017 (the "Petition Date");

b.      continued to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

c.      filed, on September 5, 2019, (i) the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* [Docket No. 301], which plan and related documents were subsequently modified as set forth herein, (ii) the *Disclosure Statement for Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* [Docket No. 302], which disclosure statement was approved by Order entered September 9, 2019 [[Docket No. 308], and (iii) the *Plan Summary To Accompany Debtor's First Amended Plan of Reorganization Dated September 5, 2019* [Docket No. 303];

d.      caused solicitation materials and notice of the deadline for objecting to confirmation of the Plan to be distributed by September 12, 2019, and continuing thereafter, consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Disclosure Statement Order (as defined herein), which Disclosure Statement Order also approved, among other things, solicitation procedures (the "Solicitation Procedures")

---

[1] Unless otherwise noted, capitalized terms not defined in this *Findings of Fact, Conclusions of Law, and Order Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (this "Confirmation Order") shall have the meanings ascribed to them in the Plan (as defined herein). The rules of interpretation set forth in Article I.B of the Plan shall apply to this Confirmation Order.

1

and related notices, forms, Ballots, and Master Ballots (collectively, the "Solicitation Packages"), as evidenced by, among other things, the *Certificate of Service* [Docket No. 314];

e.    filed, on October 21, 2019, the *Certification of Daniel A. DeMarco With Respect To The Tabulation of Votes On Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019, Pursuant To Chapter 11 Of The United States Bankruptcy Code* [Docket No. 342] (as may be amended, modified, or supplemented, the "Voting Certification");

f.    filed, on October 22, 2019, the *Notice of Filing of Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* [Docket No. ___]; and

This Court having:

a.    entered the *Order (I) Approving Disclosure Statement; (II) Setting Deadlines; and (III) Scheduling Hearing on Plan Confirmation* [Docket No. 308] (the "Disclosure Statement Order");

b.    set October 17, 2019 as the deadline for filing objections to the Plan (the "Plan Objection Deadline");

c.    set October 17, 2019 as the deadline for voting on the Plan;

d.    set October 24, 2019 at 1:30 p.m. prevailing Eastern Time, as the date and time for the confirmation hearing (the "Confirmation Hearing") pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

e.    reviewed the Plan, the Disclosure Statement, the Confirmation Declaration, the Voting Certification, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Case;

f.    held the Confirmation Hearing;

g.    heard the statements, arguments, and objections made by counsel in respect of Confirmation;

h.    considered all testimony, documents, filings, and other evidence admitted at Confirmation; and

i.    overruled any and all objections to the Plan and to Confirmation and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated herein.

NOW, THEREFORE, this Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation has been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and all evidence proffered or adduced by counsel at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, this Court hereby makes and issues the following Findings of Fact and Conclusions of Law:

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

**A.    Findings and Conclusions.**

1.    The findings and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**B.    Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).**

2.    This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a Final Order determining that the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3

11327655.1

**C.      Eligibility for Relief.**

3.      The Debtor is an eligible for relief under section 109 of the Bankruptcy Code.

**D.      Notice and Transmittal of Solicitation Materials; Adequacy of Solicitation Notices.**

4.      The Plan, the Disclosure Statement, the Disclosure Statement Order, the ballots for voting on the Plan (the "Ballots"), the Confirmation Hearing Notice, the Plan Supplement, and the other materials distributed by the Debtor in connection with Confirmation of the Plan (collectively, the "Confirmation Materials") were transmitted and served in compliance with (i) Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, (ii) Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Pennsylvania ("W.PA.LBR"), and (iii) procedures set forth in the Disclosure Statement Order. Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Debtor's Chapter 11 Case. The transmittal and service of the Confirmation Materials complied with the approved Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the W.PA.LBR, and any other applicable rules, laws, and regulations. Because such transmittal and service were adequate and sufficient, no other or further notice is necessary or shall be required.

**E.      Voting.**

5.      On October 21, 2019, Debtor filed the Voting Certification with this Court. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures, and the W.PA.LBR.

4

11327655.1

**F.      Good-Faith Solicitation (11 U.S.C. § 1125(e)).**

6.      Based on the record before this Court in the Chapter 11 Case, the Debtor and its directors, managers, officers, employees, representatives, attorneys, financial advisors, investment bankers, agents, restructuring advisors, and other professionals have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Solicitation Procedures, the Bankruptcy Code, the Bankruptcy Rules, and the W.PA.LBR in connection with all of their respective activities relating to the solicitation of acceptances of the Plan, their participation in the Chapter 11 Case, and the activities described in section 1125 of the Bankruptcy Code, and therefore are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

**G.      Plan Supplement.**

7.      The filing and notice of the Plan Supplement were proper and in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and no other or further notice is or shall be required. The documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.

**H.      Modifications to the Plan.**

8.      In accordance with Section 1127 of the Bankruptcy Code, the Plan is modified such that:

a.      Article 3.6 of the Plan now provides (with changes in bold and underlined):

**Class 1: Synapse Wireless, Inc. ("Synapse")**

Class 1 is impaired.  The Class 1 Claim of Synapse has been allowed **as an Allowed Secured Claim** and shall be paid in accordance with the terms approved pursuant to the Bankruptcy Court's *Order (I) Approving A Settlement with Synapse Wireless, Inc. Pursuant To Federal Rule of*

5

*Bankruptcy Procedure 9019 And (II) Granting Related Relief* [Docket No. 237].

    b.    Article 7.1(a)(iii)(b) of the Plan now provides (with changes in bold and underlined):

*Release of Liens, etc*.  On the Effective Date, except for liens expressly provided to be retained pursuant to the Plan or Exit Facility Documents **(including liens held by Holders of Allowed Secured Claims)**, all mortgages, deeds of trust, liens or other security interests against the property of any Debtor will be fully released and discharged, and all of the right, title and interest of any Holder of such mortgages, deeds of trusts, liens or other security interests, including any rights to any collateral thereunder, will revert to Reorganized Debtor.  Unless expressly provided for herein, each holder of any Allowed Claim shall surrender to Reorganized Debtor any note, instrument, or certified security evidencing such Claim.  No Distribution hereunder shall be made to or on behalf of any holder of a Claim unless and until such holder executes and delivers to Debtor or Reorganized Debtor such release of liens or other timers described above or demonstrates non-availability of such items to the satisfaction of Reorganized Debtor, including requiring such holder to post a lost instrument or other indemnity bond.  Reorganized Debtor reasonably may require the Holder of any such Claim to hold Reorganized Debtor harmless up to the amount of any Distribution made in respect of such unavailable note, instrument, document, certificate, agreement, certified security or other item evidence such Claim.  Any such holder that fails to execute and deliver such release of liens or other items described above or satisfactorily explain their non-availability to Reorganized Debtor within 180 days of the Effective Date shall be deemed to have no further Claim against Debtor, Reorganized Debtor, or their property in respect of such Claim and shall not participate in any Distribution hereunder, and the Distribution that would otherwise have been made to such holder shall be treated as Unclaimed Property; underline provided that any such Holder of a Disputed Claim shall not be required to execute and deliver such release of liens until the time such Claim is Allowed or Disallowed.  To the extent any holder of a Claim fails to release the relevant liens as required above, Reorganized Debtor may act as attorney-in-fact, on behalf of the holders of such liens, to provide any releases as may be required in connection with the Plan.

    9.    In accordance with section 1127 of the Bankruptcy Code, any modifications to the Plan set forth in this Order, including those in the preceding paragraph, described or set forth herein constitute technical changes or changes with respect to particular Claims made

pursuant to the agreement of the holders of such Claims and do not materially or adversely affect or change the treatment of any other Claims or Interests. Pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

10.     This Confirmation Order contains modifications to the Plan that were made to address objections and informal comments received from various parties-in-interest. Modifications to the Plan since the entry of the Disclosure Statement Order, if any, are consistent with the provisions of the Bankruptcy Code. The disclosure of any Plan modifications prior to or on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all Plan modifications. The Plan as modified by this Confirmation Order shall constitute the Plan submitted for Confirmation.

## I.      Objections.

11.     To the extent that any objections, reservations of rights, statements, or joinders to Confirmation have not been resolved, withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved herein or as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits based on the record before this Court.

## J.      Burden of Proof.

12.     The Debtor, as the proponent of the Plan, has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

7

11327655.1

**K.**     **Bankruptcy Rule 3016.**

13.     The Plan is dated and identifies the Debtor as the Plan proponent, thereby

satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement satisfied

Bankruptcy Rule 3016(b).

**L.**     **Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

14.     The Plan complies with the applicable provisions of the Bankruptcy Code, thereby

satisfying section 1129(a)(1) of the Bankruptcy Code.

a.  Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). As required by section 1123(a)(1), in addition to Administrative Claims, Priority Tax Claims and United States Trustee Statutory Fees, which need not be classified, Article II of the Plan designates eight Classes of Claims and Interests. As required by section 1122(a) of the Bankruptcy Code, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.  Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article III of the Plan specifies that Class 4 is Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

c.  Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article III of the Plan sets forth the treatment of Classes 1, 2, 3, 5, 6 and 7 (cancelling all equity interests), which are the Impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

d.  No Discrimination (11 U.S.C. § 1123(a)(4)). Article III of the Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class except to the extent that a holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

e.  Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan and the various documents included in the Plan Supplement provide adequate and proper means for implementation of the Plan, including, without limitation: (i) the execution, filing, and delivery of appropriate agreements or other documents of restructuring or other documents containing terms that are consistent with or reasonably necessary to implement the terms of the Plan and that satisfy the requirements of applicable law; (ii) the vesting of the Debtor's assets in the Reorganized Debtor; (iii) the execution of the Exit Facility Documents; and (iv) all other transactions or actions that either (x)

11327655.1

the Debtor or (y) the Reorganized Debtor, as applicable, determine are necessary or appropriate to implement the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

f.   Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Plan prohibits the issuance of non-voting securities to the extent that the issuance of non-voting securities is prohibited under section 1123(a)(6) of the Bankruptcy Code. The Plan thereby satisfies section 1123(a)(6) of the Bankruptcy Code.

g.   Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. The identity and affiliations of the initial New Board to the extent known and determined have been disclosed prior to the Confirmation Hearing. The selection of the initial directors and officers of the Reorganized Debtor was, is, and will be consistent with the interests of Holders of Claims and Interests and public policy. Accordingly, the requirements of section 1123(a)(7) of the Bankruptcy Code have been satisfied.

h.   Additional Plan Provisions (11 U.S.C. § 1123(b)). The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code and, therefore, are consistent with section 1123(b) of the Bankruptcy Code.

   i.   Impairment/Unimpairment of Any Class of Claims or Interests (11 U.S.C. § 1123(b)(1)). Pursuant to the Plan, Class 4 is Unimpaired, and Classes 1, 2, 3, 5, 6 and 7 (cancelling all equity interests) are Impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

   ii.  Assumption, Rejection and Assignment of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). Article VI of the Plan provides that on the Effective Date, except as otherwise provided therein, all Executory Contracts or Unexpired Leases will be deemed rejected as of the Effective Date, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those Executory Contracts or Unexpired Leases that: (1) previously were assumed or rejected by the Debtor; or (2) are the subject of a notice of assumption or motion to assume such Executory Contracts or Unexpired Leases, as applicable, that is pending on the Effective Date, regardless of whether the requested effective date of such assumption is on or after the Effective Date.

   iii. Preservation of Causes of Action (11 U.S.C. § 1123(b)(3)). In accordance with section 1123(b)(3) of the Bankruptcy Code, Article 4.5 of the Plan provides that, on the Effective Date, (a) all rights, claims, and causes of action of Debtor pursuant to sections 510, 541, 542, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code; and (b) rights, claims, and causes of action of Debtor against any Person (other than rights, claims and causes of action expressly released by Debtor in the Plan or pursuant to a Final Order, including but not limited to, those Claims and causes of action released by the Debtor under the K-I Settlement Agreement approved by order of the Bankruptcy Court

9

entered October 2, 2019 [Docket No. 331] and the Synapse Settlement Agreement approved by order of the Bankruptcy Court entered May, 16, 2019 [Docket No. 237]) shall be preserved and become property of Reorganized Debtor.   Reorganized Debtor shall be deemed the representative of its estate under section 1123(b) of the Bankruptcy Code and is authorized and shall have the power to commence and prosecute any and all causes of action (other than rights, claims and causes of action expressly released by Debtor in the Plan or pursuant to a Final Order, including but not limited to, those Claims and causes of action released by the Debtor under the K-I Settlement Agreement and the Synapse Settlement Agreement) that could have been asserted by Debtor, without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

iv.   Compromise and Settlement (11 U.S.C. § 1123(b)(3)). In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that all holders of Claims or Interests may have with respect to any Allowed Claim or Interest or any distribution to be made on account of such Allowed Claim or Interest. Such compromise and settlement is fair, equitable, and reasonable and in the best interests of the Debtor and its Estate.

v.   Other Appropriate Provisions (11 U.S.C. § 1123(b)(6)). The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (1) distributions to holders of Claims and Interests, (2) resolution of Disputed Claims, (3) allowance of certain Claims, (4) releases by the Debtor of certain parties, (5) releases by certain third parties, (6) exculpation of certain parties, and (7) retention of Court jurisdiction, thereby satisfying the requirements of section 1123(b)(6).

i.   Cure of Defaults (11 U.S.C. § 1123(d)). Article 6.2(iii) of the Plan provides that any monetary defaults under each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in cash on the Effective Date, subject to the limitations described therein.

## M.   The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

15.   The Debtor has complied with the applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code. Specifically:

11327655.1

a.  the Debtor is an eligible debtor under section 109 of the Bankruptcy Code and is a

proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

b.  the Debtor has complied with applicable provisions of the Bankruptcy Code, except

as otherwise provided or permitted by orders of the Bankruptcy Court; and

c.  the Debtor has complied with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, and the W.PA.LBR in transmitting the Confirmation Materials and

related notices and in soliciting and tabulating the votes on the Plan.

**N.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

16.      Payments made or to be made by the Debtor for services or for costs and expenses

in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the

Chapter 11 Case, have been approved by, or are subject to the approval of, this Court as reasonable,

thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

**O.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**

17.      The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The

identity and affiliation of the persons proposed to serve as members of the New Board (to the

extent known and determined) have been disclosed prior to the Confirmation Hearing, and the

appointment to, or continuance in, such positions of such persons is consistent with the interests

of Holders of Claims against and Interests in the Debtor and public policy.

**P.      No Rate Changes (11 U.S.C. § 1129(a)(6)).**

18.      Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not

provide for any rate changes over which a governmental regulatory commission has jurisdiction.

11

11327655.1

**Q.**    **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**

19.    Each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

20.    The liquidation analysis attached as Exhibit D to the Disclosure Statement (the "Liquidation Analysis") and the other evidence related thereto in support of the Plan that was proffered or adduced at or prior to the Confirmation Hearing or in the Confirmation Declaration: (i) are reasonable, persuasive, credible, and accurate as of the dates such analyses or evidence was prepared, presented, or proffered; (ii) utilize reasonable and appropriate methodologies and assumptions; (iii) have not been controverted by other evidence; and (iv) establish that holders of Allowed Claims in every Class will recover as much or more under the Plan on account of such Claim or Interest, as of the Effective Date, than the amount such holder would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. Accordingly, the Plan satisfies the "best interest of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

**R.**    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**

21.    Classes 4 is Unimpaired by the Plan pursuant to section 1124 of the Bankruptcy Code and, accordingly, holders of Claims or Interests in Class 4 are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 1, 2, 3, 5, 6 and 7 are Impaired by the Plan. Classes 1, 2, 3, 5, 6 and 7 each have voted to accept the Plan and no Classes have voted to reject the Plan, as established by the Voting Certification. Holders of Interests in Class 8 will not receive or retain any property on account of their Interests and,

accordingly, such Interests are Impaired and such holders are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

**S.**        **Treatment of Administrative Claims, Professional Fee Claims, Priority Tax Claims and United States Trustee Statutory Fees (11 U.S.C. § 1129(a)(9)).**

22.        The treatment of Administrative Claims, Professional Fee Claims, Priority Tax Claims, and United States Trustee Statutory Fees pursuant to Article II and Article III of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code. Accordingly, the Debtor has satisfied the requirements of section 1129(a)(9) of the Bankruptcy Code.  The Cooperating Estate Professionals shall receive the treatment described in paragraph 57. below, and consent to such treatment.

**T.**        **Acceptance By At least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).**

23.        Claims in Classes 1, 2, 3, 5, 6 and 7 are entitled to vote under the Plan. Classes 1, 2, 3, 5, 6 and 7 each have voted to accept the Plan, as established by the Voting Certification. Accordingly, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

**U.**        **Feasibility (11 U.S.C. § 1129(a)(11)).**

24.        The Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code. The evidence supporting the Plan proffered or adduced by the Debtor at or before the Confirmation Hearing is reasonable, credible, has not been controverted by other evidence, and establishes that the Plan is feasible, that Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or the Reorganized Debtor and that the Debtor or the Reorganized Debtor will have sufficient funds available to meet their obligations under the Plan.

## V.        Payment of Fees (11 U.S.C. § 1129(a)(12)).

25.        As set forth in Article 3.3 of the Plan, all fees payable pursuant to section 1930(a) of the Judicial Code shall be paid by the Reorganized Debtor (or the Disbursing Agent on behalf the Reorganized Debtor) until the Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

## W.        Retiree Benefits (11 U.S.C. § 1129(a)(13)).

26.        Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for "retiree benefits" (as defined in section 1114 of the Bankruptcy Code) at levels established pursuant to section 1114 of the Bankruptcy Code. On and after the Effective Date, all "retiree benefits" (as defined in section 1114 of the Bankruptcy Code) shall continue to be paid in accordance with applicable law. Accordingly, the requirements of section 1129(a)(13) of the Bankruptcy Code have been satisfied.

## X.        No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).

27.        The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

## Y.        Debtor is Not an Individual (11 U.S.C. § 1129(a)(15)).

28.        Debtor is not an individual. Accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

## Z.        No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).

29.        Debtor is a moneyed, business, or commercial entity. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

14

11327655.1

**AA.** **Confirmation of Plan Over Non-Acceptance of Impaired Classes (11 U.S.C. § 1129(b)).**

30.     The Plan may be confirmed pursuant to section 1129(b) of the Bankruptcy Code, notwithstanding that the requirements of section 1129(a)(8) have not been met, because the Debtor has demonstrated by a preponderance of the evidence that the Plan (i) satisfies all of the other requirements of section 1129(a) of the Bankruptcy Code and (ii) does not "discriminate unfairly" and is "fair and equitable" with respect to the Rejecting Classes (as defined below).

31.     The Plan does not "discriminate unfairly" against any holders of Claims and Interests in Classes that are deemed to reject the Plan (the "Rejecting Classes"). The treatment of such holders is proper because all similarly situated holders of Claims and Interests will receive substantially similar treatment, and the Debtor has a valid rationale for the Plan's classification scheme and the disparate treatment, if any, provided for different Classes.

32.     The Plan is also "fair and equitable" with respect to each Rejecting Class. No holder of Claims or Interests junior to any Rejecting Class is receiving a distribution under the Plan.

33.     The Plan, therefore, satisfies the requirements of section 1129(b) of the Bankruptcy Code and may be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan.

**BB.** **Only One Plan (11 U.S.C. § 1129(c)).**

34.     The Plan is the only plan filed in the Chapter 11 Case, and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

15

11327655.1

**CC.**  **Principal Purpose of the Plan (11 U.S.C. § 1129(d)).**

35.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance

of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of

the Bankruptcy Code.

**DD.**  **Not Small Business Case (11 U.S.C. § 1129(e)).**

36.     The Chapter 11 Case is not a small business case, as that term is defined in the

Bankruptcy Code, and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in the

Chapter 11 Case.

**EE.**  **Plan Implementation.**

**37.**     The terms of the Plan, including, without limitation, the Plan Supplement and all

exhibits and schedules thereto, and all other documents filed in connection with or incorporated

by reference in the Plan, including without limitation the Synapse Settlement Agreement, or

executed or to be executed in connection with the transactions contemplated by the Plan including

without limitation the Restructuring Transactions) and all amendments and modifications of any

of the foregoing made pursuant to the provisions of the Plan governing such amendments and

modifications (collectively, the "Plan Documents") are incorporated by reference herein, are

approved in all respects, and constitute an integral part of this Confirmation Order. The Plan

Documents are essential elements of the Plan and entry into and consummation of the transactions

contemplated by each Plan Document is in the best interests of the Debtor, the estate, and the

holders of Claims and Interests. The Debtor has exercised reasonable business judgment in

determining which Plan Documents to enter into and have provided sufficient and adequate notice

of such documents.

16

**FF.**   **Good Faith.**

38.   The Debtor has proposed the Plan (including the Plan Documents and all other documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan. The Debtor's good faith is evident from the facts and record of the Chapter 11 Case, the Disclosure Statement, and the record of the Confirmation Hearing. The Plan was proposed with the legitimate and honest purpose of implementing the Plan through the Restructuring Transactions and other transactions contemplated by the Plan and Plan Documents, thereby maximizing the value of the Debtor's Estate and to effectuate a successful restructuring of the Debtor. The Plan was the product of extensive negotiations conducted at arm's length among the Debtor and certain of their key stakeholders. Further, the Plan's classification, indemnification, settlement, discharge, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Debtor to consummate a value-maximizing transaction. Accordingly, the requirements of section 1129(a)(3) of the Bankruptcy Code are satisfied.

39.   The Debtor has proposed the Plan with the legitimate and honest purpose of maximizing the value of the Debtor's Estate for the benefit of their stakeholders. The Plan gives effect to many of the Debtor's restructuring initiatives, including implementing a value maximizing restructuring transaction (including without limitation pursuant to the Restructuring Transactions). Accordingly, the Debtor (and all of its respective officers, directors, agents, financial advisers, attorneys, employees and representatives) have been active, are acting, and will

17

continue to act in good faith if they proceed to: (i) consummate the Plan and the Restructuring Transactions and the agreements, settlements, transactions, and transfers contemplated thereby; and (ii) take the actions authorized and directed or contemplated by this Confirmation Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code and the aforementioned parties have acted in good faith within the meaning of sections 1125(e) and 1126(e) the Bankruptcy Code.

**GG.**     **The Exit Facility.**

40.     The Exit Facility is an essential element of the Plan, and entry into the Exit Facility is in the best interests of the Debtor, its Estate and all holders of Claims and Interests, and is necessary for confirmation and consummation of the Plan. The Debtor has exercised reasonable business judgment in determining to enter into the Exit Facility, and has provided sufficient and adequate notice of the material terms of the Exit Facility. The terms and conditions of the Exit Facility are fair and reasonable, and the Exit Facility has been negotiated in good faith and at arms' length. The Debtor and the Reorganized Debtor are authorized, without further approval of the Court, to execute and deliver and incur and perform their obligations under the Exit Facility. The Debtor and the Reorganized Debtor are authorized, without further approval of the Court, to execute and deliver the Exit Facility, including, without limitation, all agreements, documents, instruments and certificates relating to the Exit Facility and incur and perform their obligations under the Exit Facility.

11327655.1

## II. ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

**A.**      **Confirmation of the Plan.**

41.      All requirements for confirmation of the Plan have been satisfied.  Accordingly, the Plan and the other Plan Documents shall be, and hereby are, confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan Documents (including without limitation the Restructuring Transactions) are incorporated by reference into, and are an integral part of, the Plan and this Confirmation Order and are authorized and approved, and the Debtor is authorized to implement its provisions and consummate the Plan without any further authorization except as expressly required by the Plan or this Confirmation Order.

**B.**      **Objections.**

42.      All objections, responses, reservations, statements, and comments in opposition to the Plan, other than those resolved, or withdrawn with prejudice prior to, or on the record at, the Confirmation Hearing are overruled on the merits in all respects. All withdrawn objections, if any, are deemed withdrawn with prejudice.

**C.**      **Omission of Reference to Particular Plan Provisions.**

43.      The failure to specifically describe or include any particular provision of the Plan or the Plan Documents in this Confirmation Order shall not diminish or impair the effectiveness of such provision, and such provision shall have the same validity, binding effects and enforceability as every other provision of the Plan and the Plan Documents.

19

11327655.1

**D.     Deemed Acceptance of the Plan as Modified.**

44.     In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims that voted to accept the Plan or that are conclusively presumed to have accepted the Plan are deemed to accept the Plan, subject to modifications, if any. No holder of a Claim shall be permitted to change its vote as a consequence of the Plan modifications. All modifications to the Plan made after the Solicitation Date (including any modifications contained in this Confirmation Order) are hereby approved, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

**E.     Plan Implementation.**

45.     General Authorization. The transactions described in the Plan (including without limitation pursuant to the Restructuring Transactions), the other Plan Documents, and this Confirmation Order are hereby approved. On or before the Effective Date, and after the Effective Date, as necessary, and without any further order of this Court or other authority, the Debtor, or the Reorganized Debtor, as applicable, and their respective directors, managers, officers, members, agents, attorneys, financial advisors, and investment bankers are authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code and other applicable laws to and shall (i) grant, issue, execute, deliver, file, or record any agreement, instrument or document, and the documents contained in the Plan or the Plan Documents (including without limitation pursuant to the Restructuring Transactions) (as modified, amended, and supplemented pursuant to the provisions of the Plan governing such modifications, amendments, and supplements), in substantially the form included therein, or any other documents related thereto and (ii) take any action necessary or appropriate to implement, effectuate, and consummate the Plan, the Plan Documents, the Restructuring Transactions or this Confirmation Order, in accordance with their terms. All such

20

actions taken or caused to be taken shall be deemed to have been authorized and approved by this Court without further approval, act, or action under any applicable law, order, rule, or regulation, including, among other things, (i) all transfers of assets that are to occur pursuant to the Plan, the Plan Documents, the Exit Facility, or this Confirmation Order; (ii) the incurrence of all obligations contemplated by the Plan, the Plan Documents, the Exit Facility, or this Confirmation Order; and (iii) entering into any and all transactions, contracts, leases, instruments, releases, and other documents and arrangements permitted by applicable law, order, rule, or regulation pursuant to the Plan, the Plan Documents, the Exit Facility, or this Confirmation Order. Pursuant to section 1142 of the Bankruptcy Code, to the extent that, under applicable non-bankruptcy law, any of the foregoing actions that would otherwise require approval of the equity holders, directors, or managers (or any equivalent body) of the Debtor or the Reorganized Debtor, such approval shall be deemed to have occurred and shall be in effect from and after the Effective Date without any further action by the equity holders, directors, or managers (or any equivalent body) of the Debtor or the Reorganized Debtor. On the Effective Date, or as soon thereafter as is practicable, the Debtor or the Reorganized Debtor, as applicable, shall, if required, file any documents required to be filed in such jurisdictions so as to effectuate the provisions of the Plan. Any or all documents contemplated herein shall be accepted by each of the respective filing offices and recorded, if required, in accordance with applicable law. All counterparties to any documents described in this paragraph are hereby directed to execute such documents as may be required or provided by such documents, without any further order of this Court.

46.    _Disbursing Agent._ Hahn Loeser & Parks LLP shall serve as the Disbursing Agent for the Debtor and Reorganized Debtor and shall use its Client Trust Account for such purposes.

11327655.1

F.      **Binding Effect.**

47.      On the date of and after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the Plan, the Plan Documents, and this Confirmation Order shall bind any holder of a Claim or Interest and such holder's respective successors and assigns, whether or not: (i) the Claim or Interest is Impaired under the Plan; (ii) such holder has accepted the Plan; (iii) such holder has failed to vote to accept or reject the Plan or voted to reject the Plan; (iv) such holder is entitled to a distribution under the Plan; (v) such holder will receive or retain any property or interests in property under the Plan; and (vi) such holder has filed a Proof of Claim in the Chapter 11 Case. The Plan, the Plan Documents, and this Confirmation Order constitute legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan, the Plan Documents, and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Plan, the Plan Documents and this Confirmation Order, and all prior orders of the Court in the Chapter 11 Case shall be binding against and binding upon and shall not be subject to rejection or avoidance by any Chapter 7 or Chapter 11 trustee appointed in the Chapter 11 Case.

G.      **Cancellation of Existing Stock.**

48.      Except as otherwise expressly provided in the Plan or any agreement, instrument, or other document incorporated therein, on and after the Effective Date, the obligations of the Debtor under any certificate, share, note, bond, indenture, purchase right, option, warrant, contract, agreement, or other instrument or document, directly or indirectly, evidencing or creating any indebtedness or obligation of or ownership interest in the Debtor giving rise to any Claim or Interest shall be and are hereby cancelled, and shall be released and discharged, as to the Debtor

22

and the Reorganized Debtor, and the Reorganized Debtor shall not have any continuing obligations thereunder.

**H.      Vesting of Assets.**

49.      Except as otherwise expressly provided in the Plan or any agreement, instrument, or other document incorporated therein, on the Effective Date, all property in the Debtor's estate, all Causes of Action, and any property acquired by Debtor pursuant to the Plan shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges, Causes of Action, or other encumbrances. On and after the Effective Date, except as otherwise expressly provided in the Plan, the Reorganized Debtor may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

**I.      Exemption from Transfer Taxes.**

50.      Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any stamp tax or similar tax, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

**J.      Filing and Recording.**

51.   This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

23

other persons and entities that may be required, by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any document or instrument. Each

and every federal, state, and local government agency is hereby directed to accept any and all

documents and instruments necessary, useful, or appropriate (including financing statements under

the applicable uniform commercial code) to effectuate, implement, and consummate the

transactions contemplated by the Plan and this Confirmation Order without payment of any stamp

tax or similar tax imposed by state or local law.

**K.      Tax Withholding.**

52.      In accordance with the provisions of the Plan and subject to Article 5.11 of the

Plan, to the extent applicable, the Disbursing Agent shall comply with all tax withholding and

reporting requirements imposed on it by any Governmental Unit, and all distributions pursuant to

the Plan shall be subject to such withholding and reporting requirements. Notwithstanding any

provision in the Plan to the contrary, the Disbursing Agent shall be authorized to take all actions

necessary or appropriate to comply with such withholding and reporting requirements, including

liquidating a portion of the distribution to be made under the Plan to generate sufficient funds to

pay applicable withholding taxes, withholding distributions pending receipt of information

necessary to facilitate such distributions or establishing any other mechanisms they believe are

reasonable and appropriate.

**L.      Termination of Interests.**

53.      Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise

expressly provided in the Plan, this Confirmation Order, or in any contract, instrument, or other

agreement or document created pursuant to the Plan, including the Plan Documents, the

distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction,

24

11327655.1

discharge, and release, effective as of the Effective Date, of Claims and Interests of any nature whatsoever, whether or not any Proof of Claim or of Interest or other notice thereof has been given at any time.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests, subject to the Effective Date occurring.

54.     Pursuant to Bankruptcy Rule 9019 and section 1123(b)(3) of the Bankruptcy Code and in consideration for the classification, distributions, releases, and other benefits provided pursuant to the Plan, on the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims and Interests, and of any rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest.

**M.       The Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

55.     The releases, injunctions, exculpations, and related provisions set forth in Article VII of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order or action on the part of this Court or any other party; provided, that the provisions of Section 7.5 shall not be effective against any entity that expressly elected to opt out of its provisions in a duly-cast Ballot accepting or rejecting the Plan.

**N.       Post-Confirmation Notices, Professional Compensation, and Bar Dates.**

56.     In accordance with Bankruptcy Rules 2002 and 3020(c), on the Effective Date the Reorganized Debtor must cause notice of Confirmation and occurrence of the Effective Date, substantially in the form attached to this Confirmation Order as **Exhibit 1** (the "Notice of Confirmation") to be served by United States mail, first-class postage prepaid, by hand, or by overnight courier service to all parties served with the Confirmation

11327655.1

Hearing Notice. Notwithstanding the above, no notice of Confirmation or occurrence of the Effective Date or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtor mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. Such mailing of the Notice of Confirmation in the time and manner set forth in this paragraph will be good, adequate, and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c). No further notice is necessary.

57.      Professionals or other Entities asserting a Professional Fee Claim for services rendered before the Confirmation Date must File an application for final allowance of such Professional Fee Claim no later than 30 days after the Effective Date. Except as expressly provided in the Plan or this Order, the Reorganized Debtor shall pay Professional Fee Claims in Cash in the amount this Court allows on the Effective Date and otherwise in accordance with the Plan. Notwithstanding any other provision of the Plan or this Order, on the Effective Date, (A) the Reorganized Debtor shall pay in cash to (i) Lampl Law Office $15,000.00, and (ii) Hahn Loeser & Parks LLP $40,000.00; (B) Lampl Law Office may apply its retainer in the amount of $12,500.00; and (C) Hahn Loeser & Parks LLP may apply its retainer in the amount of $40,000.00, all such amounts hereby being deemed allowed as administrative expense priority claims under Section 503(b)(1) whether or not the subject of any prior application for or order granting compensation.  All other amounts that have been or hereafter shall be allowed Lampl Law Office, Hahn Loeser & Parks LLP or Sherwood Partners, Inc. shall be paid, *pari passu* if, as, when and to the extent payments to Cooperating Estate Professionals are made pursuant to Article 3.4 of the

26

Plan.  Further Debtor shall pay to Sherwood Partners, Inc. as an Allowed Administrative Expense

Claim, (A) $5,000 in cash on the Effective Date, and (B) $20,000 payable pari passu with the

Cooperating Estate Professionals from the IP Monetization if, as, when and to the extent such

funds become available from the IP Monetization.  After payment of all Plan obligations due to

creditors under the Plan from the IP Monetization (as defined in the Plan), Debtor shall direct

$29,000.00 from the IP Monetization to be paid to Thomas E. Reilly, P.C., at 1468 Laurel Drive,

Sewickley, PA 15143, if, as, when and to the extent such funds become available from the IP

Monetization.

58.     Except as otherwise provided in the Plan, requests for payment of Administrative

Claims, other than Administrative Claims arising under section 503(b)(9) of the Bankruptcy Code

which were required to be Filed by the Bar Date, must be Filed no later than 30 days after the

Effective Date (the "Administrative Claim Bar Date").  Holders of Administrative Claims that are

required to File and serve a request for such payment of such Administrative Claims that do not file

and serve such a request by the Administrative Claim Bar Date shall be forever barred, estopped,

and enjoined from asserting such Administrative Claims against the Debtor, the Reorganized

Debtor or their property, and such Administrative Claims shall be deemed discharged as of the

Effective Date without the need for any objection from the Reorganized Debtor or any action by

this Court. Notwithstanding any provision of the Plan or this Confirmation Order to the contrary no

Holder of an Administrative Claim for a cure amount shall be required to file a request for the

payment of an expense described in 11 U.S.C. § 503(b)(1)(A) so long as such Holder (a) filed an

objection to the Debtor's proposed cure amount pursuant to the Disclosure Statement Order or (b)

agreed with the cure amount listed by the Debtor in the Schedule of Assumed Executory Contracts

and Unexpired Leases (as amended, supplemented, or modified from time to time).

27

11327655.1

**O.      Preservation of Rights of Action.**

59.      In accordance with section 1123(b) of the Bankruptcy Code, and except where such Causes of Action have been expressly released pursuant to Article VII of the Plan, the Debtor and the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, that[*] could have been asserted by Debtor, including without limitation any actions described in Debtor's Schedules or the Plan.  The Debtor's and the Reorganized Debtor's rights to commence, prosecute, or settle such Causes of Action shall be preserved to the fullest extent permissible, and such Causes of Action may be pursued without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

**P.      Release of Liens.**

60.      Except as otherwise expressly provided in the Plan with respect to any Allowed Secured Claim or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estate shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Debtor and the Reorganized Debtor.

**Q.      Inconsistency.**

61.      In the event of any inconsistency between the Plan (including the Plan Supplement) and this Confirmation Order, this Confirmation Order shall govern. To the extent any provision of any final Plan Supplement document may conflict or is inconsistent with any

28

provision in the Plan, the terms of the final Plan Supplement document shall govern and be binding and exclusive.

**R.      Injunctions and Automatic Stay.**

62.     Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of this Court, and extant on this Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect through and including the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

**S.      Substantial Consummation.**

63.     On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

**T.       Severability.**

64. Each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (i) valid and enforceable in accordance with its terms; (ii) integral to the Plan and may not be deleted or modified except in accordance with Article 10.7 of the Plan; and (iii) nonseverable and mutually dependent.

**U.      Effect of Non-Occurrence of Effective Date.**

65. If the Effective Date does not occur, then: (a) the Plan shall be null and void in all respects; (b) any settlement, compromise, release, waiver, discharge, or exculpation embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null

29

and void and without legal effect; and (c) nothing contained in the Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any claims by or Claims against the Debtor; (2) prejudice in any manner the rights of the Debtor, any Holders of Claims or Interests or any other Entity; or (3) constitute an admission, acknowledgement, offer or understanding by the Debtor, any Holders of Claims or Interests or any other Entity in any respect.

## V.    **Conditions to Effective Date.**

66.    The Plan shall not become effective unless and until the conditions set forth in Article 9.2 of the Plan have been satisfied or waived pursuant to Article 9.3 of the Plan.

## W.    **Waiver of 14-Day Stay.**

67.    Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order is effective immediately and not subject to any stay.

## X.    **Final Order.**

68. This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.

## Y.    **Injunctions and Automatic Stay.**

69.    Unless otherwise provided in this Order, all injunctions or stays in effect in the Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date shall remain in full force and effect until the Effective Date. From and after the Effective Date, such injunctions or stays shall remain in full force and effect with respect to any pending action or proceeding where the basis for the pending action or proceeding occurred prior to the Petition Date, the non-Debtor party or parties to the pending action or proceeding received such notice of the Bar Date, and the non-Debtor party or parties failed to timely File a Proof of Claim, until such time as the Debtor is dismissed with

11327655.1

prejudice from the pending action or proceeding. All injunctions or stays contained in the Plan or this Order shall remain in full force and effect in accordance with their terms.

**Z.**      **Retention of Jurisdiction.**

70.      The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case, including the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code. To the extent it is not legally permissible for the Court to have exclusive jurisdiction over any of the foregoing matters, the Court shall have non-exclusive jurisdiction over such matters to the fullest extent legally permissible. Notwithstanding anything to the contrary in this Confirmation Order or the Plan, the Court's retention of jurisdiction shall not govern the enforcement of the Exit Facility or the documents executed in connection therewith or any liens, rights, or remedies related thereto, the New Organizational Documents except to the extent that this Confirmation Order has been vacated or reversed, but instead, such enforcement shall be governed as set forth in the applicable Exit Facilities Documents and the New Organizational Documents, as applicable.

**THIS IS A FINAL ORDER.**

**IT IS SO ORDERED.**

Dated: 10/24/19

_____
GREGORY L. TADDONIO, Judge
UNITED STATES BANKRUPTCY COURT

* The following language is inserted into paragraphs 49 and 59 (where indicated):
"(other than rights, claims and causes of action expressly released by Debtor in the Plan or pursuant to a Final Order, including but not limited to, those Claims and causes of action released by the Debtor under the K-I Settlement Agreement and the Synapse Settlement Agreement)"

31

*[EXHIBIT 1]*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| APPALACHIAN LIGHTING SYSTEMS, INC., | Case No. 17-24454-GLT |
| Debtor. | |
| | Hearing Date: October 24, 2019 at 1:30 p.m. |
| | Response Deadline: October 17, 2019 |

_____/

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING THE DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 5, 2019 AND (II) OCCURRENCE OF EFFECTIVE DATE**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

 **PLEASE TAKE NOTICE** that an order [Docket No. [•]] (the "Confirmation Order") confirming the *Debtor's First Amended Chapter 11 Plan of Reorganization Dated September 5, 2019* (as may be modified, the "Plan"), was entered by the Honorable Gregory L. Taddonio, United States Bankruptcy Judge, and docketed by the Clerk of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") on [•], 2017. Unless otherwise defined in this notice, capitalized terms used in this notice shall have the meanings ascribed to them in the Plan and the Confirmation Order.

 **PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order, the Plan, and the related documents, are available on this Court's website at http://www.pawb.uscourts.gov. To access this Court's website, you will need a PACER password and login, which can be obtained at http://www.pacer.psc.uscourts.gov.

 **PLEASE TAKE FURTHER NOTICE** that the Effective Date occurred on [October ? November?] [___], 2019.

 **PLEASE TAKE FURTHER NOTICE** that all Proofs of Claim for all creditors first listed in the Amendments to (i) Schedules E and F filed on June 27, 2019 [Docket No. 261], and (ii) Schedule F filed on August 14, 2019 [Docket No. 284], must be Filed and served on the Debtor **no later than November     , 2019[30 days after the Effective Date]** (the "Amended Bar Date") and holders of any claims served with this Order that do not File and serve a Proof of Claim such a request by the Amended Bar Date shall be forever barred, estopped, and enjoined from asserting such Claims

32

against the Debtor, or its property and such Claims shall be deemed discharged as of the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise provided by the Plan, the Confirmation Order, any other applicable order of the Bankruptcy Court, or agreed to by the holder of an Allowed Administrative Claim and the Debtor, all requests for Payment of Administrative Claims, other than Administrative Claims arising under section 503(b)(9) of the Bankruptcy Code which were required to be Filed by the Bar Date, must be Filed and served on the Debtor **no later than November      , 2019 [30 days after the Effective Date]** (the "Administrative Claims Bar Date"). Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims that do not File and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtor, or its property and such Administrative Claims shall be deemed discharged as of the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise provided by an order of the Bankruptcy Court, any Proofs of Claim based upon the rejection of the Debtor' Executory Contracts or Unexpired Leases pursuant to the Plan or otherwise, must be Filed with the Notice and Claims Agent **on or before the later of the date that is thirty (30) days after the Effective Date;**

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtor, the Reorganized Debtor, any holder of a Claim against, or Interest in, the Debtor and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan and whether or not such holder or Entity voted to accept the Plan.

11327655.1

Dated: October [__], 2019

Respectfully submitted

*/s/ Daniel A. DeMarco*
Daniel A. DeMarco (Ohio Bar No. 0038920)
*Admitted Pro Hac Vice*
Christopher B. Wick (Ohio Bar No. 0073126)
*Admitted Pro Hac Vice*
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:  (216) 621-0150
Facsimile:  (216) 241-2824
E-Mail:      dademarco@hahnlaw.com
                    cwick@hahnlaw.com

*and*

Kirk B. Burkley (PA ID No. 89511)
707 Grant Street, Suite 2200 Gulf Tower
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
Email: kburkley@bernsteinlaw.com

*Co-counsel for Debtor*

11327655.1